IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) CASE NO. 3:22-CR-319-TES-SMD |
| | ) |
| CORDERELL ST. GEORGE | ) |
| | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Defendant Corderell St. George ("St. George") is charged in a one-count indictment with failure to register under the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a). (Doc. 1). St. George was arrested in Lanett, Alabama, and taken to the Chambers County Sheriff's Department for interrogation. During questioning, St. George requested a lawyer, but the interrogation continued, and he eventually made incriminating statements. He now moves to suppress all statements pursuant to *Edwards v. Arizona*, 451 U.S. 477 (1981). Undersigned held an evidentiary hearing on February 27, 2023, and for the reasons that follow RECOMMENDS that St. George's motion to suppress (Doc. 22) be GRANTED in part and DENIED in part.

**II.   LEGAL STANDARD**

The Fifth Amendment right against compelled self-incrimination requires a warning to a subject in custody that he has the right to remain silent and the right to the presence of an attorney before any interrogation. *Miranda v. Arizona*, 384 U.S. 436, 479 (1966). If

the subject requests counsel, "the interrogation must cease until an attorney is present." *Id.* at 474. Waivers of counsel must be knowing, voluntary, and intelligent. *Edwards*, 451 U.S. at 481.

On a motion to suppress alleging violation of a subject's *Miranda* rights, the movant bears the initial burden of proving that he was in custody. *United States v. de la Fuente*, 548 F.2d 528, 533 (5th Cir. 1977)[1]; *United States v. Sigouin*, 494 F. Supp. 3d 1252, 1261 (S.D. Fla. 2019). The Government bears the burden of proving a knowing, voluntary, and intelligent waiver. *Colorado v. Connelly*, 479 U.S. 157, 168 (1986); *Sigouin*, 494 F. Supp. 3d at 1261.

### III.   FINDINGS OF FACT

St. George is required to register as a sex offender under SORNA. Tr. pp. 4-5. In May 2022, he registered a hotel in Troup County, Georgia, as his residence. Tr. p. 5. In June 2022, Troup County authorities determined that he was not living at the hotel and obtained an arrest warrant. Tr. pp. 5-6. They sought the assistance of the U.S. Marshals Service in arresting St. George, and on August 22, 2022, Marshals from the Gulf Coast Regional Fugitive Task Force arrested him at his grandfather's home in Lanett, Alabama, pursuant to the state warrant. Tr. pp. 5-6. They transported him to the Chambers County Sheriff's Department for interrogation and booking. Tr. pp. 6-7. The Government stipulates that St. George was in custody at the time of his interrogation. Tr. p. 2.

---

[1] Opinions of the former Fifth Circuit decided prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

At the hearing, the Government introduced an approximately eight-minute video of St. George's interrogation. Gov't Ex. 3. The video shows St. George in handcuffs seated at a table in a cinder block room. *Id.* He is being interrogated by Deputy United States Marshal Alan Weinstein ("the DUSM") and Detective Rachel Rivera ("Detective Rivera") from Chambers County. Tr. pp. 6-7. Only St. George is visible in the video. Gov't Ex. 3. The DUSM and Detective Rivera are offscreen and can be clearly heard on the audio. *Id.*

The video begins with the DUSM reading the U.S. Marshals Service waiver of rights form to St. George and asking him to sign it. Gov't Ex. 3; Gov't Ex. 1, Waiver of Rights Form. The top portion of the form indicates that St. George has been informed of his rights. Gov't Ex. 1. The bottom portion of the form, which requires a separate signature, indicates that St. George waives those rights. *Id*. As St. George signs the top portion of the form, he states, "I want to get my lawyer over here. I don't know if he's in court or what. I want to talk to him." Gov't Ex. 3. The DUSM continues the interrogation and asks, "Do you wish to answer any questions?" *Id.* St. George responds, "No, I want to talk to my lawyer." *Id.* The DUSM continues the interrogation and says, "if you want me to get you a lawyer," and St. George responds, "I've got a lawyer. I need to talk to him." *Id.* The DUSM continues the interrogation and says, "So you don't want to answer any questions?," to which St. George responds, "What kind of questions?" *Id.* The DUSM then explains that he is only interested in St. George's registration and not his other cases. *Id.* He tells St. George that he knows he has been living in Lanett since the end of May, and St. George admits that he has been living with his grandfather in Lanett because he cannot afford to

3

stay at the hotel he registered as his address in Georgia. *Id.* St. George also makes admissions concerning his knowledge of his duty to register. *Id.*

Toward the end of the interrogation, the DUSM slides the Waiver of Rights form back to St. George and tells him that that he "needs to sign right here" indicating the waiver of rights signature line. *Id.*; Gov't Ex. 1. St. George signs the form as instructed. Gov't Ex. 3. There is no discussion or reading out loud of this portion of the form. *Id.*

Following the interrogation, Detective Rivera obtained warrants for St. George, and he was booked into the Chambers County jail. Tr. pp. 17-19. While being booked, St. George gave a residence in Cusseta, Alabama, as his address and this appears on the booking sheet. Gov't Ex. 4.

### IV.     ANALYSIS

#### A.     St. George's Oral Statements Are Inadmissible

In *Miranda*, the Supreme Court instructed that when a subject undergoing custodial interrogation states that he wants a lawyer, the interrogation must stop until an attorney is present. 384 U.S. at 474. *See also Maryland v. Shatzer*, 559 U.S. 98, 104 (2010). The Eleventh Circuit explains that "[t]he law in this area is clear: once an accused requests counsel, the officer cannot ask questions [or] discuss the case [.]" *United States v. Gomez*, 927 F.2d 1530, 1539 (11th Cir. 1991). Any further discussion regarding the case must be addressed to the accused's lawyer. *Id.*

Here, St. George made at least three clear and unequivocal requests for his lawyer during the brief eight-minute interrogation. After the DUSM read St. George his rights,

4

St. George stated "I want to get my lawyer over here. I don't know if he's in court or what. I want to talk to him." Gov't Ex. 3. The DUSM was required to stop speaking with St. George about the case at this point, but he continued the interrogation and asked, "[d]o you wish to answer any questions?" *Id.* St. George responded, "[n]o, I want to talk to my lawyer." Again, the DUSM was required to stop the interrogation, but he continued and stated, "if you want me to get you a lawyer," to which St. George responded "I've got a lawyer. I need to talk to him." *Id.* Only after these three requests for counsel did St. George answer the DUSM's questions regarding his SORNA registration. *Id.* The Government argues that St. George's request for counsel was ambiguous. Gov't Opp. (Doc. 26) at 4-7. The undersigned flatly rejects this argument. St. George's words, although softly spoken, were a clear and unambiguous invocation of his right to counsel.

The Supreme Court instructs that "when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation[.]" *Edwards*, 451 U.S. at 484. Accordingly, the Government has not met its burden of showing a knowing, voluntary, and intelligent waiver, and St. George's oral statements made during the interrogation should be suppressed.

### B. The Booking Sheet Is Admissible

At the hearing, St. George argued that his booking sheet showing an Alabama address (Gov't Ex. 4) should be suppressed as fruit of the poisonous tree because he was booked following the unlawful interrogation. Tr. pp. 25-27. No evidence was introduced

5

at the hearing showing how the booking sheet was drafted. It was established that the booking followed St. George's interrogation. Tr. pp. 18-19.

In *Pennsylvania v. Muniz*, 496 U.S. 582, 602 (1990), the Supreme Court recognized a "routine booking question" exception to *Miranda* that covers routine questions concerning a defendant's biographical data necessary to complete booking. A subject's address falls within this exception. *Muniz*, 496 U.S. at 600. Therefore, the booking sheet (Gov't Ex. 4) is admissible under this exception.

## V.     CONCLUSION

For the reasons stated above, it is the

RECOMMENDATION of the Magistrate Judge that St. George's motion to suppress (Doc. 22) be GRANTED as to all of St. George's oral statements made during the interrogation and DENIED with respect to the booking sheet (Gov't Ex. 4). It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before April 19, 2023**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error

or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981)(en banc).

DONE this 5th day of April, 2023.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE