**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> **v.** <br><br> **CORDERELL DEUNDREA ST. GEORGE,** <br><br> *Defendant.* | **CRIMINAL ACTION NO.** <br> **3:22-cr-00319-TES-SMD-1** |

**ORDER ADOPTING IN PART THE UNITED STATES**
**MAGISTRATE JUDGE'S RECOMMENDATION**

Before the Court is the United States Magistrate Judge's Recommendation (Doc. 36) to grant in part and deny in part Defendant Corderell Deundrea St. George's Motion to Suppress (Doc. 22). St. George is charged with one count of Failure to Register as a Sex Offender in violation of 18 U.S.C. § 2250(a). (Doc. 1). And, although the underlying facts are thoroughly presented within the parties' briefs and the magistrate judge's Recommendation, the Court briefly reiterates them here. (Doc. 22); (Doc. 26); (Doc. 36).

To begin, St. George is a registered sex offender pursuant to both state and federal law, and as required, he registered an address in Troup County, Georgia, as his place of residence on May 5, 2022. (Doc. 22, p. 2); (Doc. 26, p. 1); *see also* O.C.G.A. § 42-1-12(a). Almost two months later, after determining that St. George wasn't living at his registered Georgia address, Troup County authorities believed that he "had absconded to Alabama[,]" and they obtained a warrant for his arrest. (Doc. 22, p. 2); (Doc. 34,

Transcript of Proceedings, pp. 4:20–22; 5:15–20); (Doc. 36, p. 2). Then, on August 22, 2022, Alan Weinstein, a Deputy United States Marshal for the Middle District of Alabama, located St. George at his grandfather's home in Lanett, Chambers County, Alabama, and arrested him. (Doc. 22, p. 2); (Doc. 34, Transcript of Proceedings, pp. 4:15–18; 6:3–12; 17:10–12; 19:4–5). Weinstein later interrogated St. George at the Chambers County Sheriff's Department, and the Government stipulates that St. George was in custody at the time. (Doc. 22, p. 2); (Doc. 34, Transcript of Proceedings, p. 2:16–17).

Via his suppression motion, St. George seeks to suppress the statements he provided during a custodial interrogation on August 22, 2022, as well as any evidence obtained as a result of those statements. (Doc. 22, p. 1). In support of his suppression efforts, St. George argues that he "invoked his Fifth and Sixth Amendment right to counsel" during his interrogation and that any interrogation continued beyond that point was unlawful. (*Id.* at p. 4). After reviewing the video of St. George's interrogation, the magistrate judge "flatly reject[ed]" the Government's argument that St. George's multiple requests for counsel were ambiguous such that Weinstein could continue to ask questions. (Doc. 36, p. 5). Accordingly, the magistrate judge recommended that the Court grant St. George's suppression motion with respect to all oral statements St. George made during his interrogation. (*Id.*); (Doc. 26, pp. 4–7). Given that neither party objected to this portion of the magistrate judge's Recommendation, the Court only

2

considers whether it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A).

With no enumeration of error present, the Court **ADOPTS** the magistrate judge's

Recommendation as to St. George's oral statements and **MAKES IT THE ORDER OF**

**THE COURT**. The Court **GRANTS** St. George's Motion to Suppress (Doc. 22) as to all

oral statements made during his interrogation on August 22, 2022.

However, as stated above, the magistrate judge recommended that St. George's

motion be granted in part and denied in part. (Doc. 36, pp. 1, 5). As to the denial, the

magistrate judge recommended that St. George's booking sheet listing an Alabama

address not be suppressed. (*Id.* at pp. 5–6). St. George objects to this portion of the

Recommendation; thus, the Court undertakes a de novo review of this portion of the

magistrate judge's Recommendation. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court

shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made.").

Also present during St. George's illegal interrogation was Rachel Rivera, who,

according to Weinstein's testimony, manages sex offenders for Chambers County,

Alabama. (Doc. 34, Transcript of Proceedings, p. 7:2–4). After Weinstein arrested St.

George on the Troup County warrant, he took St. George to the Chambers County

Detention Facility ("CCDF") and testified that "they can come get him from there." (*Id.*

at pp. 17:7–9; 19:4–6). So, once Weinstein concluded his interrogation of St. George, "the

detective from Chambers County"—Rivera, ostensibly—"went and did her warrants for him." (*Id.* at p. 9:6–8).

In his Objection (Doc. 37), St. George contends that the booking sheet listing an Alabama address is inadmissible because he "was booked in the Chambers County Jail on warrants drawn up based on his unlawful interrogation[.]" (Doc. 37, p. 4). Those allegedly improper and illegally obtained warrants obviously led to St. George's arrest on December 9, 2022, for this case. (Doc. 14, p. 1). To that end, St. George argues that "the Government has provided no evidence that [he] would have been booked into the Chambers County Jail[]" had Rivera "not relied on [the] unlawful interrogation to draw up separate warrants out of Chambers County." (Doc. 37, p. 5 n.1).

First and foremost, there is no dispute that "St. George was initially arrested on a warrant out of Troup County, Georgia[,]" on August 22, 2022. (*Id.*); (Doc. 34, Transcript of Proceedings, pp. 6:3–12; 17:15–16). But, given that all of St. George's oral statements from his interrogation have been suppressed, what information did Rivera have in order to obtain warrants from Chambers County and subsequently book him in the CCDF? Thus, pursuant to 28 U.S.C. § 636(b)(1)(C), the Court will hold a hearing on ***May 22, 2023***, at ***10:00 a.m.*** in Opelika, Alabama, to "receive further evidence" as to the following issues and other issues relating to the requested suppression of the booking sheet that the parties wish to pursue:

- Whether there were any extradition efforts by authorities from Troup County, Georgia, following St. George's arrest in Chambers County,

4

Alabama, on August 22, 2022.

- How the booking form was completed and who at CCDF typed the information given by St. George during the booking process.

At this time, however, the Court must **RESERVE RULING** as to whether the magistrate judge's Recommendation (Doc. 36) will be adopted in full. If the Government has changed its position with respect to the Alabama address St. George provided for his booking sheet and will try this case without it, the Court will—upon written notice from the Government—issue a ruling suppressing the Alabama address listed.

**SO ORDERED,** this 24th day of April, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**